UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN A. LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DONNA WILKINS, M.D., RODNEY BARBER, JOSHUA WILLIAMS, CHRISTINE DELY-STINSON, PHIL TAYLOR, GEORGE SHERIDAN, JR. and BETH ROBBINS, | ) CASE NO. 1:09-cv-0282-DFH-DML |
| | ) |
| Defendants. | ) |

ENTRY ON DEFENDANTS' MOTION TO DISMISS

Plaintiff John Logan filed suit under 42 U.S.C. §§ 1981 and 1983 against a number of local government officials. Logan alleges violations of his federal constitutional rights through a series of actions between 2005 and 2007 that led to the demolition of mobile homes in a mobile home park owned by Logan and eventually to foreclosure of his interest in the property. Defendants Donna Wilkins, Rodney Barber, Joshua Williams, Christine Dely-Stinson, George Sheridan, Jr., and Beth Robbins jointly filed a motion to dismiss for failure to state a claim upon which relief can be granted. Defendant Phil Taylor filed his own motion to dismiss on similar grounds but unlike the other defendants does not assert that he is entitled to quasi-judicial immunity. As explained below, the court grants both motions to dismiss. The claims against all defendants except

Sheridan and Robbins are barred by the applicable statute of limitations. The claims against Sheridan and Robbins must be dismissed because of quasi-judicial immunity. Their alleged actions were merely enforcing a valid court order.

I.   *Standard for Dismissal*

In ruling on a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations liberally and drawing all inferences in the light most favorable to the plaintiff. See *Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005). A formulaic recitation of the elements of the cause of action is not enough to survive a motion to dismiss under Rule 12(b)(6). See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must "raise a right to relief above the speculative level" by pleading "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. Dismissal is warranted if the factual allegations, seen in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. *Id.* at 561-62.

A plaintiff need not plead in the complaint facts sufficient to defeat an affirmative defense such as a statute of limitations, so dismissals under Rule 12(b)(6) based on a statute of limitations are unusual. But if a plaintiff himself alleges facts that are sufficient to establish a statute of limitations defense,

dismissal under Rule 12(b)(6) is appropriate. *E.g.*, *Hollander v. Brown*, 457 F.3d 688, 691 & n.3 (7th Cir. 2006) (affirming dismissal), citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

II.     *Factual Allegations*

Because the defendants have moved for dismissal, the court must accept as true the factual allegations in Logan's complaint, which details a series of actions by defendants that he says deprived him of the full use of the mobile home park he owned in Delaware County, Indiana. The property abuts the Prairie Creek Reservoir. Logan contends that defendants wanted that property developed with something besides a mobile home park. The alleged wrongdoing began in 2005 when defendant Taylor allegedly "spread word" that the Muncie, Indiana health department was going to close down Logan's mobile home park.[1] In November 2005, Dely-Stinson, a county health department employee, toured the property and allegedly told tenants to stop paying rent and to vacate the property. Following Dely-Stinson's visit, thirteen tenants left, causing severe financial problems for Logan.

In September 2006, Dr. Donna Wilkins, the commissioner of the Delaware County Department of Health, brought an action relating to the property. On October 27, 2006, the Delaware Circuit Court granted an order requiring the

---

[1] The complaint referred to the Muncie health department in paragraph 14, but probably intended to refer to the Delaware County health department.

-3-

removal of thirteen mobile homes. Dr. Wilkins hired Rodney Barber to demolish the homes. Logan alleges that Barber was inappropriate and was hired only because he illegally split the fee with Dr. Wilkins. When Barber actually entered the premises, he demolished fourteen instead of thirteen homes and allegedly stole some of Logan's physical property. He also did not clean up the site. Logan filed a report about Barber's activities with Sheriff George Sheridan, Jr., the Delaware County Sheriff. Logan alleges that Sheriff Sheridan took no action on the request. Following these events, Logan struggled to retain or attract prospective tenants, and his property was foreclosed on September 26, 2007. On December 19, 2007, Sheriff Sheridan had Robbins, his deputy, enter the property and order the tenants to vacate. Additional facts are noted below as needed.

III.   *Real Party in Interest*

When defendants filed their motions to dismiss, Logan was in Chapter 7 bankruptcy. Defendants moved to dismiss under Rule 12(b)(1) and Rule 17. A debtor in a Chapter 7 bankruptcy is not a proper party in interest to bring a complaint for damages incurred before the bankruptcy filing. See *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999); *Massey v. Rumsfeld*, 2001 WL 1397309, *4-*5 (S.D. Ind. Nov. 5, 2001) (finding plaintiff who was debtor in Chapter 7 bankruptcy was not the real party in interest for any claims that accrued before the filing of the bankruptcy petition). Logan then dismissed the

Chapter 7 petition. He has filed more recently for bankruptcy protection under Chapter 13.

Chapter 7 and Chapter 13 bankruptcies differ on this point. A plaintiff who is a debtor in Chapter 13 proceedings can maintain his own cause of action for damages even if it arose before the bankruptcy filing. Under Chapter 13, the debtor still has possession of the estate's property, which includes any chose in action. See 11 U.S.C. § 1306(b); 11 U.S.C. § 541(a)(1). In *Cable*, the Seventh Circuit held: "The chose in action . . . belongs to the estate and was being prosecuted for the benefit of its creditors. It would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit [of] the estate." 200 F.3d at 473; see also *Adair v. Sherman*, 230 F.3d 890, 893, n.1 (7th Cir. 2000) (noting that plaintiff was "once again" in bankruptcy proceedings: "His return to bankruptcy does not foreclose this action because debtors in Chapter 13 proceedings may bring actions in their own name to vindicate statutory rights."). As long as Logan remains in Chapter 13 bankruptcy instead of Chapter 7 bankruptcy, he can pursue this action in his own name.

IV.     *Statute of Limitations*

"A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'" *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008), quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Here, Logan's complaint explicitly states the relevant dates when he alleges his constitutional rights were violated.

Defendants argue that most of Logan's claims must fail because he filed his case after the applicable statute of limitations had run. The statute of limitations applicable to the plaintiff's § 1983 claims in Indiana is two years. *Hoagland v. Town of Clear Lake*, 415 F.3d 693, 699-700 (7th Cir. 2005) ("For §§ 1983 and 1985 claims the statute of limitations is determined by the law of the state in which the violation took place. Indiana's statute of limitations for personal injury claims is 2 years.") (citations omitted); *Forman v. Richmond Police Department*, 104 F.3d 950, 965 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (Ind. Code § 34-1-2-2) applies to § 1983 claims."), quoting *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995).

Logan argues that the appropriate statute of limitations should be five years under Ind. Code § 34-11-2-6 for actions against a sheriff or a public official for liability based on official acts or omissions. If the court were writing on a clean slate, the argument might have substantial force. By now, however, it runs contrary to well established law at this point. In 1982, the Seventh Circuit held that the five-year statute of limitations applied to § 1983 claims in Indiana. *Blake v. Katter*, 693 F.2d 677, 680 (7th Cir. 1982). In 1985, though, the Supreme Court took a different approach and determined that all § 1983 actions should be governed by the same state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). The Court found that § 1983 actions are "best characterized as personal injury actions" and held that the applicable statute of limitations should be the statute governing personal injury actions. *Id.* at 280. The Court expressly rejected reliance on state statutes of limitations specific to claims against public officials. *Id.* at 279. The Seventh Circuit acknowledged that *Wilson* effectively overruled *Blake* in *Loy v. Clamme*, 804 F.2d 405, 408 (7th Cir. 1986). The Seventh Circuit has consistently applied the two-year statute of limitations for the last twenty-three years. See *Coopwood v. Lake County Community Development Dept.*, 932 F.2d 677, 680 (7th Cir. 1991); *Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008). Since *Wilson*, the two-year limit has also been applied in Indiana state courts for all § 1983 actions. See, *e.g.*, *Irwin Mortgage Corp. v. Marion County Treasurer*, 816 N.E.2d 439, 444 (Ind. App. 2004). The two-year statute of limitations bars most of Logan's claims. He filed suit on March 6, 2009, so claims for any wrong that accrued before March 6, 2007 are barred.

Logan relies on a theory of continuing violations to argue that the actions of defendants before March 6, 2007 are still actionable. He compares his claims to employment discrimination claims for hostile work environments and argues that defendants' actions were a "continuing violation" of his constitutional rights. This argument has no support in the case law and fails as an analogy. A hostile work environment is created by the cumulative effect of repeated wrongs. A single act of harassment often will not even be actionable on its own. See *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (holding that hostile environment claim may be based on acts extending beyond the statutory time limit so long as at least one act contributing to the hostile environment occurred within the time limit).

Here, Logan alleges a number of independent actions by various defendants who each, according to him, independently violated his constitutional rights. Even if an analogy to employment law were apt, Logan has alleged discrete acts that "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. To the extent that the "continuing violations" doctrine applies to a § 1983 action, it still does not cover a suit for damages for discrete actions. Cf. *Housecalls Home Health Care Inc. v. U.S. Dept. of Health and Human Services*, 515 F. Supp. 2d 616, 629-30 (M.D.N.C. 2007) (allowing the possibility of some declaratory and injunctive relief for alleged continuing violations in a case where damages were inappropriate because of the

Eleventh Amendment); *Amador Parrilla v. Ayala Santiago*, 340 F. Supp. 2d 103, 105 (D.P.R. 2004) (same).[2]

In a surreply brief, Logan tries another tack to avoid the statute of limitations.[3] He argues that his claims did not accrue until he knew about the defendants' alleged conspiracy. A concealment argument is impossible for Logan to maintain here. Logan was no doubt aware that the mobile homes on his property were being demolished. He argues, however, that his action is based on a conspiracy among the defendants and that at this stage of the litigation, the court does not know when Logan learned of the conspiracy.

A cause of action under § 1983, however, accrues when a plaintiff knew or should have known that his constitutional rights have been violated. *Behavioral Institute of Indiana, LLC v. City of Hobart Common Council*, 406 F.3d 926, 929 (7th Cir. 2005).[4] The Seventh Circuit instructs that a court must identify the injury

---

[2] Logan requests injunctive relief in the form of a "permanent injunction from any future attempts to wrest from the Plaintiff control of Plaintiff's real or personal property or of any lawful use to which he may choose to put it." The status of this injunction is not directly raised in defendants' motion to dismiss. It is unclear what need there might be in 2009 for an injunction. Logan lost the property in the 2007 foreclosure action.

[3] The court has thus granted Logan's motions to file a surreply brief (Dkt. No.33 and No. 35).

[4] The opinion was published with the caption identifying the lead defendant as "Hobart City of Common Council," but the parties must have captioned the case incorrectly at some point. The briefs properly identified the lead defendant as City of Hobart Common Council.

and then determine when the plaintiff could have sued for that injury. *Id.* Logan's complaint does not allege that his constitutional rights were violated by the mere existence of the alleged conspiracy. Instead, he alleges that each individual action violated his constitutional rights, and he knew or should have known at the time of each action that he had been injured. Logan attempts to rely on *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975), but that case applied the same standard: "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Logan was aware of his injuries after each discrete action taken by defendants, meaning the statute of limitations began running for each act at the time it was committed.

As a result of the applicable statute of limitations, all claims based on actions taken before March 6, 2007 are time-barred. The only remaining acts by defendants are Sheriff Sheridan's attempt to enforce the Delaware Circuit Court's foreclosure order and Robbins' ensuing entry on the property and instructions to the tenants to vacate.[5]

---

[5]With only these actions taken after March 6, 2007, defendants' arguments about *res judicata* are inapplicable. Defendants cite determinations on the September 2, 2006 legal action and the October 27, 2006 demolition order, but
(continued...)

III.     *Quasi-Judicial Immunity for Public Officials Enforcing Court Orders*

Defendants argue that Sheriff Sheridan's and Deputy Robbins' alleged actions are immune from civil liability because they were merely enforcing the final decree of foreclosure.  "Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1985).  *Henry* dealt with an attempt by a sheriff to enforce a money judgment entered by a court.  The Seventh Circuit stated that the plaintiffs' proper recourse was an appeal of the order and not a civil suit against the sheriff.   "To allow the [plaintiffs] to attack the order collaterally by bringing a § 1983 suit against the Sheriff for damages would require sheriffs and other court officers who enforce properly entered judgments pursuant to facially valid court orders to act as appellate courts."  *Id.* at 1239.[6]

---

[5](...continued)
both of those predate and do not concern the actions of Sheriff Sheridan and Deputy Robbins in late 2007.

[6]In some ways, this principle is intertwined with the Rooker-Feldman doctrine.  The Rooker-Feldman doctrine "deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment."  *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008); see generally *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  If Logan is merely challenging the validity of the state court's judgment of eviction, then this court does not have subject matter jurisdiction over the dispute.

Logan argues that *Henry* is no longer applicable because Indiana has subsequently enacted a statute that provides a five year limitations period for bringing suits for damages caused by a sheriff or other public official acting in his or her official capacity. This argument is without merit. Sheriffs and other public officials spend a great deal of time working in their official capacities when they are not attempting to enforce court orders. Quasi-judicial immunity applies only when a public official is "acting in furtherance of the judge's order." *Long v. Barrett*, 818 N.E.2d 18, 25 (Ind. App. 2004).

The only pertinent question, therefore, is whether Sheriff Sheridan and Deputy Robbins were acting in furtherance of a judge's order. Defendants argue that they were merely enforcing the court's September 26, 2007 final decree of foreclosure. In briefing, Logan argues that defendants exceeded their authority under the court order by directing Logan's tenants to stop paying rent and move out in December 2007. The relevant paragraphs in the complaint state:

> 38. That is why, on or about December 19, 2007 defendant Sheridan, acting under color of his authority as Sheriff of Delaware County (Indiana), attempted to enforce the Final Decree of September 26, 2007 by ordering Beth Robbins, his deputy, to enter on the Plaintiff's realty and order his tenants to vacate.
>
> 39. Acting under color of her authority as a Delaware County Sheriff's Deputy, defendant Robbins did exactly as she was instructed on or about December 19, 2007.

Compl. ¶¶ 38-39.

To the extent that Sheriff Sheridan and Deputy Robbins were merely following a court order, their actions are protected by quasi-judicial immunity. Plaintiff Logan has not alleged that Sheriff Sheridan and/or Deputy Robbins exceeded the authority of the order in their instructions to the current tenants in December 2007. Even if Logan had made such allegations, his claims against these defendants must still fail. Even if Deputy Robbins acted wrongfully by instructing Logan's tenants that they needed to vacate the property, Logan himself could have suffered no injury and could not make a claim under § 1983 based on those actions. When Deputy Robbins acted on December 19, 2007, Logan no longer possessed the property and no longer had any interest in his former tenants' rent payments. To the extent that Sheriff Sheridan's and Deputy Robbins' actions affected Logan, they were merely the result of both defendants' efforts to enforce a valid court order. Their actions are protected by quasi-judicial immunity.

*Conclusion*

All defendants' motions to dismiss (Dkt. Nos. 18 and 22) are granted. If plaintiff believes he can cure the defects while complying with Rule 11 of the Federal Rules of Civil Procedure, he may file an amended complaint no later than 28 days after the date of this entry. If no amended complaint is filed, the court will enter final judgment for defendants.

So ordered.

Date: July 30, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

John Thrasher
JOHN THRASHER, J.D.
john_thrasher@yahoo.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

James A. Schafer
PAINTER & SCHAFER
jschafer@painterschafer.com