UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN A. LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:09-cv-0282-WTL-DML |
| | ) |
| DONNA WILKINS, M.D., RODNEY | ) |
| BARBER, JOSHUA WILLIAMS, | ) |
| CHRISTINE DELY-STINSON, PHIL | ) |
| TAYLOR, GEORGE SHERIDAN, JR. and | ) |
| BETH ROBBINS, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the motion to dismiss filed by Defendants Donna Wilkins, Joshua Williams, Christine Dely-Stinson, Phil Taylor, George Sheridan, and Beth Robbins. The motion is fully briefed, and the Court, being duly advised, hereby **GRANTS** Defendants' motion and dismisses this case with prejudice for the reasons set forth below.

In an exhaustive entry dated July 30, 2009, Judge David Hamilton dismissed Plaintiff John A. Logan's complaint alleging that Defendants infringed his federal constitutional rights under color of state law in violation of 42 U.S.C. §§ 1981 and 1983 (Docket No. 38). The facts underlying the parties' dispute are set out at length in Judge Hamilton's opinion, and do not need repeating here. Judge Hamilton dismissed Logan's Complaint, finding that it failed to state a claim for two reasons: the bulk of Logan's claims against the Defendants were barred by the applicable statute of the limitations, and the doctrine of quasi-judicial immunity protected Defendants Sheridan and Robbins from liability. Judge Hamilton withheld entry of judgment for thirty days to give Logan the opportunity to correct these issues, and Logan attempted to do just

that by filing an Amended Complaint on August 19, 2009 (Docket No. 40).

Logan's Amended Complaint contains a few modified paragraphs and several new paragraphs. With one exception, however, the allegations in Logan's Amended Complaint are substantively identical to the Complaint Judge Hamilton rejected and do nothing to cure the defects found by Judge Hamilton.

In the one entirely new allegation raised in the Amended Complaint, Logan alleges that beginning in October 2006, Defendant Taylor repeatedly failed to schedule or conduct an inspection of Logan's property that the local electric company required before it would "set meters" at Logan's property. *See* Amended Complaint at ¶¶ 43-48. To the extent that this new claim is not barred by the applicable statute of limitations, it suffers from another fatal flaw.

For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (*quoting Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). While Logan argues that the motion to dismiss must be denied unless it "appear[s] to a certainty that no set of facts could be proven at trial which would entitle the plaintiff to relief," the Supreme Court has rejected this standard, requiring instead that the allegations set forth in a complaint be "plausible" to survive a motion to dismiss. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). As used by the Supreme Court, a complaint's factual allegations are plausible if they "raise the a right to relief above the speculative level." *Id* at 556; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (extending *Bell Atlantic's* requirement to all civil cases). In ruling on a motion to dismiss, a court must consider the following:

> First, a plaintiff must provide notice to defendants of [his] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations

> will be so sketchy or implausible that they fail to provide sufficient notice to
> defendants of the plaintiff's claim. Third, in considering the plaintiff's factual
> allegations, courts should not accept as adequate abstract recitations of the
> elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (2009).

This case involves the type of "sketchy" allegations that fail to provide sufficient notice. Logan's new claim against Taylor alleges only that it "fell to" Taylor to "schedule and conduct the inspections required by the local electrical utilities." Even assuming that by this Logan means that Taylor had some legal duty to conduct the inspections, Logan fails to articulate how Taylor's failure to comply with this duty violated Logan's constitutional rights. Accordingly this new claim also must be dismissed.

Finally, the Court also notes that Defendant Rodney Barber did not join the other Defendants in filling the instant Motion to Dismiss, and—although the time to do so has expired—Barber has not otherwise answered Logan's Amended Complaint. However, as set forth in Judge Hamilton's order, Logan's allegations against Barber–like those against Defendants Wilkins, Williams, and Dely-Stinson–are barred by the applicable statute of limitations. Accordingly, the Court finds it appropriate to *sua sponte* dismiss Logan's claims against Barber along with those against the other Defendants. *Cf. Judson Atkinson Candies v. Latinin-Hohberger Dhimantec*, 529 F.3d 371, 384 (7th Cir. 2008) ("[W]e have held that if a district court grants one defendant's motion for summary judgment, it may sua sponte enter summary judgment in favor of non-moving defendants if granting the motion would bar the claim against those non-moving defendants.") (citation omitted).

Logan's Amended Complaint wholly failed to correct the deficiencies raised by Judge Hamilton and the one new claim contained in the Amended Complaint also fails to state a claim.

Accordingly, Logan's Amended Complaint is dismissed with prejudice in its entirety.

    SO ORDERED:   01/28/2010

_William T. Lawrence_ (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

John Thrasher
JOHN TRASHER, J.D.
john_thrasher@yahoo.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

James A. Schafer
PAINTER & SCHAFER
jschafer@painterschafer.com